**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MANUEL CALDERON-TORRES, | No. 14-73378 |
| Petitioner, | Agency No. A037-581-229 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 11, 2018
Seattle, Washington

Before:  FERNANDEZ, CLIFTON, and NGUYEN, Circuit Judges.

Juan Manuel Calderon-Torres petitions for review of an order of removal

and the denial of his applications for withholding of removal and for relief under

the Convention Against Torture. We deny the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Substantial evidence supported the conclusion that the harm that Calderon-Torres suffered did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 (9th Cir. 2003) (holding that harassment, threats, and mistreatment since early childhood—including a confrontation resulting in facial bruises and two broken ribs—were not so severe as to rise to the level of persecution). Calderon-Torres asserts that his case is distinguishable from *Hoxha*, but the injuries suffered by Calderon-Torres, even considered cumulatively, were not appreciably more severe than the harm alleged in *Hoxha*, and the factual distinctions that Calderon-Torres identified were irrelevant to the question of whether the past harm rose to the level of persecution. Nor did Calderon-Torres establish a well-founded fear that he would suffer abuse in the future that would amount to persecution. *See* 8 C.F.R. 1208.16(b)(2).

The evidence did not compel a conclusion that Calderon-Torres' proposed particular social groups (former gang members, those perceived to be active gang members, and those who have refused recruitment efforts by drug cartels in Mexico) are cognizable under 8 U.S.C. § 1231(b)(3). Calderon-Torres was required to establish with evidence that at least one of his groups was socially distinct within Mexican society. *Reyes v. Lynch*, 842 F.3d 1125, 1131–32, 1136 (9th Cir. 2016); *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014). He

relied upon his own testimony to meet this requirement, but that testimony did not establish how the broader Mexican society treated others within the proposed groups. His own experience was tied to himself individually. Notably, his arrest and detention resulted from his possession of marijuana and his refusal to tell the police its source after the police stopped him. That experience did not establish how society or the police treated individuals within any of the purported social groups who have not violated the law. The evidence that Calderon-Torres presented therefore did not establish that his groups were socially distinct within Mexican society.

Finally, substantial evidence supported the conclusion that it was not more likely than not that Calderon-Torres would be tortured if removed to Mexico, as required to obtain CAT relief. The testimony that Calderon-Torres provided did not compel the conclusion that the mistreatment that he suffered was so severe that it rose to the "extreme form of cruel and inhuman treatment" that is torture. 8 C.F.R. § 1208.18(a); *see also Khudaverdyan v. Holder*, 778 F.3d 1101, 1103, 1109 n.7 (9th Cir. 2015) (holding that the BIA did not err in concluding that the harm that the applicant suffered, including being detained, beaten, and threatened by military police, did not rise to the level of torture).

**Petition DENIED.**